JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 24-6576-DMG (JPRx)** | Date | October 4, 2024 |
| Title | ***Justin Mayer v. Daniel N. Glassman, et al.*** | Page | 1 of 3 |

| Present: The Honorable | DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE |
|---|---|

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PARTIES' RESPONSES TO THE COURT'S OSC [10] [13] [14] AND PLAINTIFF'S MOTION TO REMAND [18]**

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Plaintiff Justin Mayer and Defendant Daniel N. Glassman established a joint business venture, which later became "Strata Labs, Inc." Notice of Removal ("NOR"), Ex. A ("Compl.") ¶¶ 10–11 [Doc. # 1]. Mayer and Glassman were equal shareholders of Strata Labs. *Id.* ¶ 11. Strata Labs retained multiple in-house and outsourced software developers to develop certain proprietary software, of which Mayer and Glassman had equal ownership. *Id.* ¶ 12. Glassman also wholly owns the company Glassman Technology Group, Inc. ("GTG"). *Id.* ¶ 17.

After approximately 10 years, Mayer and Glassman agreed to dissolve Strata Labs on the condition that Mayer would remain as an equal partner in the venture and would continue to share equally in the proceeds from the business and any jointly owned intellectual property. *Id.* ¶ 14. In 2022, however, Glassman informed Mayer that he wanted to end the business partnership entirely. *Id.* ¶ 15. Mayer agreed to eventually sever ties so long as he was compensated adequately for either his interest in the enterprise or the proceeds from the sale of Strata Labs' assets. *Id.* Glassman allegedly never responded to these terms and instead "simply ceased paying Mayer his share." *Id.*

Mayer filed a complaint against Glassman and GTG in the Los Angeles County Superior Court on May 3, 2024, asserting claims for breach of fiduciary duty, conversion, common count, and accounting. On August 2, 2024, Defendants removed the action to federal court on the basis of federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441. All of Mayer's causes of action arise under state law, so the Court ordered Defendants to show cause why this action should not be remanded to state court and allowed Mayer to respond as well. [Doc. # 10 ("OSC").] Both

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-6576-DMG (JPRx) | Date | September 6, 2024 |
|---|---|---|---|
| Title | *Justin Mayer v. Daniel N. Glassman, et al.* | Page | 2 of 3 |

sides filed timely responses to the Court's OSC. [Doc. ## 13 ("Pl.'s Resp."), 14 ("Defs.' Resp.").]

## II.
## LEGAL STANDARD

A defendant may remove an action brought in state court to a federal district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441. A federal district court has original jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is *any doubt* as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks omitted) (emphasis added).

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," under which federal court jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112–13 (1936)). The presence of a federal issue in a state law claim alone does not compel federal question jurisdiction. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) ("[N]either have we treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law.").

In cases involving copyright, courts must determine whether the action arises under the Copyright Act. 28 U.S.C. § 1338(a). A case arises under the Copyright Act if: "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003) (applying the test set forth in *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)).

## III.
## DISCUSSION

Although this case involves a copyright, it does not "arise under" the Copyright Act. *See Scholastic Entm't*, 336 F.3d at 985 (citing *Vestron, Inc. v. Home Box Office Inc.*, 839 F.2d 1380,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-6576-DMG (JPRx) | Date | September 6, 2024 |
|---|---|---|---|
| Title | *Justin Mayer v. Daniel N. Glassman, et al.* | Page | 3 of 3 |

1381 (9th Cir. 1988)); *see Topolos v. Caldewey*, 698 F.2d 991, 993 (9th Cir. 1983) ("For instance, federal courts do not have jurisdiction over a suit on a contract simply because a copyright is the subject matter of the contract."). Essentially, Plaintiff contends that Strata Labs—the company jointly owned by Mayer and Glassman—owned the copyrighted software, while Defendants contend that GTG owned the software. Compl. ¶ 12; Defs.' Resp. at 3. Defendants argue that resolving this question "requires construction of the Copyright Act's work-for-hire doctrine." NOR ¶¶ 6–9. The Court disagrees.

When, as here, ownership "is the sole question for consideration," the case does not implicate the Copyright Act's work-for-hire doctrine. *See Vestron*, 839 F.2d at 1381 (quoting *Topolos*, 698 F.2d at 994); *see also Calicraft Distributors, LLC v. Castro*, No. CV 15-1041-BRO (AJWx), 2015 WL 1789014 (C.D. Cal. Apr. 17, 2015) (remanding where none of the plaintiff's claims required application of the work-for-hire doctrine). A typical case requiring application of the work-for-hire doctrine involves a hired party who created the work, the hiring party who requested the work, and a dispute over who owns the resulting copyrighted product. In that scenario, "ownership is merely a threshold issue to a claim for infringement," and the court's analysis "requires an examination of the works, extent of the copying involved, and an application of the Copyright Act." *See Topolos*, 698 F.2d at 994. Here, neither side claims to have created the copyrighted software. The parties do not dispute that the software was created by software developers, but they disagree as to whether the developers created the software for Strata Labs or GTG. Defs.' Resp. at 3. The Court therefore agrees with Plaintiff that this case is a dispute over contractual and fiduciary rights and belongs in state court.

IV.
CONCLUSION

In light of the foregoing, the OSC is **DISCHARGED**, and this action is hereby **REMANDED** to the Los Angeles County Superior Court for lack of subject matter jurisdiction. Plaintiff's motion to remand is **DENIED as moot**, and the October 11, 2024 hearing on the motion to remand is **VACATED**. [Doc. # 18.]

**IT IS SO ORDERED.**